UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GURAMRIT HANSPAL,

                        Plaintiff,                  **ORDER**
                                                                            18-cv-3875 (DRH)(ARL)

    -against-

JASON EPSTEIN, DIAMOND RIDGE
PROPERTIES,

                        Defendants.
----------------------------------------------------------x

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is Plaintiff Guramrit Hanspal's ("Plaintiff's") opposition to the removal of this case from state court by Defendants Jason Epstein and Diamond Ridge Properties ("Defendants"). Plaintiff request that the matter be remanded back to state court. For the reasons explained below, Plaintiff's request is denied.

## BACKGROUND

Plaintiff originally filed the underlying state court action on June 12, 2018, in the Supreme Court of the State of New York, County of Nassau. Plaintiff asserts five causes of action: (1) conspiracy to commit fraud; (2) "intentional prima facie tort[;]" (3) conspiracy to violate Plaintiff's rights under the Fifth and Fourteenth Amendments; (4) injunctive relief; and (5) violations of Plaintiff's Fourteenth Amendment rights and his rights under the Civil Rights Act of 1964, as amended in 1983. (Compl. [DE 1-1] ¶¶ 2–8.) Defendants removed the action to Federal Court on July 5, 2018, on the basis that Plaintiff had asserted federal claims arising under the U.S. Constitution. (Notice of Removal [DE 1] ¶ 8.) On July 12, 2018, Defendants filed a request for a pre-motion conference for a proposed motion to dismiss pursuant to Fed. R. Civ. P.

("Rule") 12(b)(5) for insufficient service of process, Rule 12(b)(6) for failure to state a claim, and Rule 12(b)(7) for failure to join a party under Rule 19. On August 10, 2018, Plaintiff filed a letter requesting an extension of time to respond to the Notice of Removal. The Court held a pre-motion telephone conference on August 16, 2018, during which counsel for both sides discussed the issues of service and Plaintiff's request for an extension of time to object to the Notice of Removal. Plaintiff's extension request was granted.

On August 22, 2018, Defendants filed a letter waiving the issue of insufficient service of process. The same day, Plaintiff filed his objection to the Notice of Removal and request for the matter to be remanded to state court.[1] On August 27, 2018, Defendants filed their response to the objections.

## DISCUSSION

28 U.S.C. § 1331 provides that Federal Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Even if the action includes causes of action that do not fall within the district court's original jurisdiction, the district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

---

[1] While a request to remand is usually brought by motion, in the interest of efficiency the Court will consider the letter as it is.

Plaintiff first maintains that the removal was preemptive because there has been no discovery, and goes on to aver that there is no basis for removal except for the obstruction of justice. (Objections to Notice of Removal [DE 10] ¶¶ 2–4.) This argument is unavailing. To wit, the Notice was filed within the 30-day window set forth in 28 U.S.C. § 1446(b)(1) for removal of civil actions. Accordingly, the Notice of Removal was not preemptive. Furthermore, the Court has original jurisdiction over the Plaintiff's federal claims and has supplemental jurisdiction over Plaintiff's state law claims as they are so related to the federal claims that they are part of the same case or controversy. Based on the foregoing, Plaintiff's request is denied.

Having addressed the preliminary jurisdictional issues, the Court sets the following briefing schedule for Defendants' proposed motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(7). Defendants shall serve, but not file, moving papers on or before November 28, 2018a; Plaintiff shall serve, but not file, opposing papers on or before December 19, 2018; Defendants shall serve a reply, if any, and file all papers with the Court, including a courtesy copy for Chambers, on or before January 4, 2019.

**SO ORDERED.**

Dated: Central Islip, New York
       November 2, 2018

                                      /s/ Denis R. Hurley
                                     Denis R. Hurley
                                     United States District Judge